**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Court File No.: 01-CV-2251 (PAM/RLE)

Daniel John Lueth

Plaintiff,

v.

The City of Glencoe, Minnesota, City of Glencoe, Minnesota, PoliceDepartment Chief of Police Wes Olson, in his official and individual capacities,

Defendants.

**STIPULATION AND PROTECTIVE ORDER**

**IT IS HEREBY STIPULATED AND AGREED** by the parties hereto, through their undersigned attorneys, as follows:

1. Plaintiff has requested documents which are classified as non-public under the Minnesota Government Data Practices Act, Minn. Stat. § 13.01, *et seq.*, from defendant.

2. Plaintiff will move this Court to enter an order to produce these documents under a protective order after *in camera* review, pursuant to Minn. Stat. § 13.03, subd. 6.

3. If this Court so orders, defendant agrees to produce copies of these documents under the terms and conditions as specified below:

   a. The document to be produced in response to this Order shall be considered "Confidential Materials" under the terms of this Order, and this order shall govern the examination and use of such documents.

   b. Confidential Materials and information derived therefrom shall be disclosed to and used by only "Qualified Persons," as defined in subparagraph d, below. The Confidential materials may not be disclosed to the plaintiff unless relevant to issues on which plaintiff must testify, in which case, plaintiff will become bound by all terms and conditions of this Order, as any actual or potential witness in subparagraph 3(g)(iii).

MAR 17 2003

However, this does not preclude counsel from generally disclosing the content of Confidential Materials as the same relates to strategic or settlement decisions on which the plaintiff would be required to approve or acquiesce. In such instance, plaintiff also will become bound by the terms and conditions of this Order. In any event, it is expressly understood that the plaintiff may not use Confidential Materials for any purpose or advantage outside the scope of the issues directly addressed by this action.

c. If counsel wish to use or inquire about Confidential Materials or information derived therefrom at any deposition, the portion of the deposition transcript that relates to Confidential Materials or information derived therefrom, may be designated as "Confidential," and if so designated, the portion of the deposition transcript so designated shall be treated as Confidential Materials.

d. Confidential Materials (including portions of deposition transcripts that are designated as "Confidential") or information derived therefrom may be disclosed or made available by counsel for the parties only to "Qualified Persons." "Qualified Persons" are:

   i. The court (subject to the provisions of subparagraph (g) hereof);
   ii. Counsel to the parties to the action and the paralegal, clerical, secretarial staff employed by such counsel and expert witnesses and their staff retained by the parties.
   iii. Court reporters employed in connection with any deposition in the action;
   iv. Any other persons that the parties agree to in writing;
   v. Employers and agents of defendant; and
   vi. Retained expert witnesses.

e. Confidential Materials or information derived therefrom shall not be disclosed by any Qualified Person to any other person or persons, except as provided in subparagraph (g) hereof.

f. If Confidential Materials (including portions of deposition transcripts) or information derived therefrom are to be included in any papers to be filed in the court, such papers shall be labeled "Confidential," filed under seal, and kept under seal until further order of the court.

g. Nothing contained this Order shall preclude any party from showing any Confidential Materials or disclosing information derived therefrom to any actual or potential third party witnesses, either prior to a deposition or trial or during a deposition or a trial provided that:

   i. If such disclosure is at a deposition, only Qualified Persons may be

present, except for counsel for the witness;

ii. The actual or potential witness may not be given a copy of any Confidential materials to take with him or her; and

iii. The actual or potential witness shall be provided a copy of this Order and advised that it is applicable to him or her. Such actual or potential witness and his or her attorney shall be bound by subparagraph (b) of this section requiring that Confidential Materials be held in confidence, and shall not disclose the Confidential Materials nor any information derived from them to anyone who is not a Qualified Person within the meaning of this Order.

4. In the event that any Confidential Material or information derived therefrom is used in a court proceeding herein, such documents or information shall not lose their confidential status through such use.

5. Nothing herein shall be construed to affect in any way any party's right to object to the admissibility of any document, testimony or other evidence at trial.

6. If a party receives a subpoena or other court process that arguably calls for the production of Confidential Materials, the party, upon receipt of the subpoena or other process, shall notify the attorneys for the parties to the action before producing such Confidential Materials.

7. Upon termination of this litigation, counsel shall return all Confidential Materials and copies thereof to defendant's attorney after notification of said termination.

8. The designation of any document, or information or thing as confidential under this Order is for purposes of this protective order only and shall not be used for the purpose of interpretation or other legal or substantive issues raised in this litigation apart from the application of this Order.

Dated: 3-6-03

By: James M. Ventura
James M. Ventura (#147217)
Attorneys for Plaintiff Lueth
1421 East Wayzata Blvd., #208
Wayzata, MN 55391

Dated: 3/6/03

By: Robert M. Gardner
Robert M. Gardner (#234977)
Attorneys for Plaintiff Lueth
P.O. Box 22071
St. Paul, MN 55122-0071
651-681-8339

**ERSTAD & RIEMER, P.A.**

Dated: 3/6/03

By: Jeff M. Zalasky
Jeff M. Zalasky (#119660)
Attorneys for Defendant
200 Riverview Office Tower
8009 - 34th Avenue South
Minneapolis, MN 55425
(952) 896-3700

**IVERSON REUVERS, LLC**

Dated: 3/6/03

By: #217700
Jon K. Iverson (#146389)
Attorneys for City of Glencoe and
Glencoe Police Department
230 Townline Plaza
8585 West 78th Street
Bloomington, MN 55438

**ORDER**

**IT IS HEREBY ORDERED**, pursuant to the terms of the foregoing Stipulation and this Court's order, defendant shall produce the above described documents provided to the Court for an *in camera* review, pursuant to the protections set forth above.

**BY THE COURT:**

Dated: March 17, 2003

Raymond L. Erickson
Raymond L. Erickson
Magistrate Judge, U.S. District Court

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

## *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

## ***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.